201 Cal.App.3d 1 (1988)
247 Cal. Rptr. 359
THE PEOPLE, Plaintiff and Respondent,
v.
MONIQUE DAVIS, Defendant and Appellant.
Docket No. 90637.
Court of Appeals of California, Appellate Department, Superior Court, San Diego.
April 22, 1988.
*2 COUNSEL
Thomas W. Carnessale for Defendant and Appellant.
John W. Witt, City Attorney, and Carol S. Leimbach, Deputy City Attorney, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
OPINION
HUFFMAN, P.J.
Appellant (Davis) was convicted of violation of Penal Code section 647, subdivision (b)[1] on the theory that she agreed to "engage *3 in act of prostitution." Davis contends that the trial court erred in its interpretation of that portion of section 647, subdivision (b)[2] which requires an act be done in furtherance of the agreement. Davis also contends that since the conviction was based upon an invalid theory of law this court should not affirm the conviction on an alternate theory, even if we find substantial evidence to support such theory. We agree and reverse the conviction.

FACTS
According to the settled statement, on March 29, 1987, about 10:25 p.m. San Diego police officers acting in an undercover capacity contacted Davis and another woman, Rochelle Moore (Moore), standing on a street corner. Moore asked one of the officers if he was looking for a "date" to which he responded, "yes." Thereafter Moore opened the door, entered the car and sat next to the officer. Davis immediately followed and sat next to Moore and the door of the car. Moore inquired as to whether the officer had a room to which he responded, "yes."
At the officer's direction his partner, posing as a cab driver, drove to the location of Ninth and Ash. During that trip Moore asked the officer how much money he had, to which he answered, "$100." Moore then said, "For a lay?", and the officer responded, "yes." Moore then asked, "For both of us?", to which the officer responded, "yes." Speaking then for the first time Davis responded, "OK." Moore and Davis were then arrested.
At the conclusion of the evidence the trial court found Davis guilty, stating that Davis had agreed to engage in an act of prostitution, that the agreement was finalized when Davis, during the cab ride, said, "OK." The court further reasoned that entering the vehicle prior to the reaching of the agreement was an act done in the furtherance of the agreement as required by section 647, subdivision (b) in effect January 1, 1987.

DISCUSSION

I
Section 647, subdivision (b), as amended by the Legislature in 1986 and effective January 1987, prohibits three types of conduct: (1) Solicitation of *4 prostitution; (2) Agreeing to engage in an act of prostitution; and (3) Engaging in an act of prostitution.
(1a) The settled statement establishes the lower court's theory of guilt was based upon a finding that Davis had agreed to engage in an act of prostitution. The lower court recognized that in addition to the agreement there must be an act done in furtherance of the agreement. Unfortunately, however, the trial court found that section 647, subdivision (b) did not require the act to be done in furtherance of the agreement. It is clear from the settled statement that the only act relied upon by the prosecution is the act of entering the cab, which act was done before any agreement was reached between Davis and the police officer for an act of prostitution. The issue then is the meaning of section 647, subdivision (b) and its requirement for an "... act, beside the agreement, be done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act."
Davis has provided legislative history in the form of the amendments to the bill as it proceeded through the Legislature and the analysis of the bill by the Assembly Committee on Public Safety.
(2) It is apparent that the Legislature amended the statute which previously prohibited only solicitation or engaging in an act of prostitution in order to avoid the "word games" which often take place between sophisticated prostitutes and law enforcement officers. The committee analyst observed, "consequently streetwise prostitutes rarely `solicit' prostitution, and undercover officers posing as customers often are unable to make arrests for prostitution." (1b) The analysis continues to explain to the committee on page 3 of the committee analyst's report, "Act must follow agreement. Under this bill, overt acts in furtherance of prostitution must be committed following the agreement. Thus, acts committed before final agreement as to the price or the nature of the lewd act may not give rise to prosecution."
The language selected in the amendment to section 647, subdivision (b) is strikingly similar to conspiracy language traditionally accepted in California. Section 184 provides in part, "No agreement amounts to a conspiracy, unless some act, besides such agreement, be done within this state to effect the object thereof, by one or more of the parties to such agreement...."
It is established that overt acts must be done after the agreement in order to further the objects of that agreement. It would be illogical to interpret it otherwise to believe that overt acts could be done first and an agreement reached second. (People v. Bratis (1977) 73 Cal. App.3d 751 [141 Cal. Rptr. 45]; People v. Witt (1975) 53 Cal. App.3d 154, 169 [125 Cal. Rptr. 653].)
*5 We conclude that the plain meaning of the language contained in section 647, subdivision (b) requires that the act done "in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act" must happen after the agreement is reached. Therefore, the trial court erred in finding the defendant guilty pursuant to its misinterpretation of the section.

II[*]
.... .... .... .... .... .
In short, we decline the opportunity to substitute our fact-finding skills for those of the trial court. The judgment of conviction, therefore, is reversed.
Hammes, J., and O'Rourke, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.
[1] Section 647, subdivision (b) provides as follows: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: ... (b) [w]ho solicits or who agrees to engage in or who engages in any act of prostitution. A person agrees to engage in an act of prostitution when, with specific intent to so engage, he or she manifests an acceptance of an offer or solicitation to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in prostitution. No agreement to engage in an act of prostitution shall constitute a violation of this subdivision unless some act, beside the agreement, be done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act. As used in this subdivision, `prostitution' includes any lewd act between persons for money or other consideration...."
[2] All statutory references are to the Penal Code unless otherwise specified.
[*] See footnote, ante, page Supp. 1.